```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

TYWON HENDERSON #20111107091,   )
                                )
            Plaintiff,          )
                                )
     v.                         )     No.  12 C 6189
                                )
TOM DART, et al.,               )
                                )
            Defendants.         )

## MEMORANDUM ORDER

Tywon Henderson ("Henderson") has employed the form of 42 U.S.C. §1983 ("Section 1983") Complaint made available for use by persons in custody by this District Court's Clerk's Office to sue Sheriff Tom Dart and three members of his staff at the Cook County Department of Corrections ("County Jail"), including an Officer McGee. Henderson has accompanied the Complaint with two other Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion").

To begin with the Application, it lacks the printout of transactions in Henderson's trust fund account at the County Jail, required by 28 U.S.C. §1915 to enable this Court to make the calculation called for in that section as to Henderson's payment of the $350 filing fee on an installment basis. But because Henderson has not advanced a viable Section 1983 claim in any event, this Court is inclined to spare him that financial burden.

There is no question from Henderson's Complaint (which this Court will credit for purposes of this memorandum order) that he has suffered extremely serious injuries as the result of a brutal attack by another County Jail detainee who struck him on the head with a shower scrub brush, to the extent that his skull was fractured and he has suffered what he refers to as "brain leakage." But the problem in that respect for Section 1983 purposes is that what Officer McGee and Superintendent Thomas of the same County Jail division are charged with is having "wrongfully allowed the mop, broom and shower scrub brush on an open tier, which is a 'No-No.'" That might perhaps sustain a claim of negligence, but not one of deprivation of a constitutional right.[1]

Under the circumstances the Complaint plainly does not state a Section 1983 claim, so that both the Complaint and this action are dismissed. That moots both the Application and the Motion, both of which are denied on that basis.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 14, 2012

---

[1] Indeed, to put the matter in conventional tort terms, the conduct ascribed to those two defendants was not--again accepting Henderson's allegations as true--a proximate cause of Henderson's injuries (as contrasted with a but-for relationship in the sense that the fellow detainee would not have been able to engage in his own wilful wrongdoing without the opportunity provided by the availability of what he used as a weapon).